BENJAMIN STACKPOLE & others *vs.* JAMES U. HUNT.

A judge of the superior court has no authority to report for the determination of this court a case tried upon a plea in abatement.

METCALF, J.   This case was tried in the superior court, on the defendant's answer in abatement of the writ, and a verdict was returned for the defendant, under the judge's rulings as to the effect of the evidence.   The judge thereupon, instead of rendering judgment on the verdict, reported the case for the determination of this court.   But we are of opinion that he had no authority to make this report, and that it therefore gives us no jurisdiction of the case.   By the Gen. Sts. *c.* 115, § 7, the decisions of a justice of the superior court, upon pleas in abatement, are final on the question raised, and are not the subject of exception, appeal or writ of error.   5 Met. 89.

This report was undoubtedly made on the judge's understanding of the Gen. Sts. *c.* 115, § 6, where it is provided that the court may, at any time before judgment, set aside a verdict, &c., " or after verdict may report the case for determination by the supreme judicial court."   But we think that the following section, (§ 7,) cited above, necessarily excludes the authority of the superior court to report to this court a case tried on a plea in abatement.   The rulings and instructions of that court on questions of evidence, on the trial of such plea, are its " decisions " thereon, which are final, no less than its decisions upon any other question that may be raised on a hearing upon such plea, whether upon demurrer or otherwise.   It is the manifest purpose of the statute provisions to exclude from this court the determination of all questions concerning pleas in abatement in other courts.   *Richmond* v. *Whittlesey*, 2 Allen, 230.

The report, not being rightly before us, must be dismissed.

*W. D. Northend,* for the plaintiffs.

*S. B Ives, Jr.,* for the defendant.